# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re** | |
| VICENTE M. C. NAPUTI and ELAINE M. NAPUTI, | **Case No. 07-00309-JDP** **Chapter 7** |
| **Debtors.** | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

> Harold Q. Noack, Boise, Idaho, Attorney for Debtors.

> Kimbell D. Gourley, TROUT JONES GLEDHILL FUHRMAN, Boise, Idaho, Attorney for Chapter 7 Trustee Gary L. Rainsdon.

### *Introduction*

Chapter 7 trustee Gary L. Rainsdon ("Trustee") objected to the homestead exemption claimed by debtors Vicente and Elaine Naputi ("Debtors") as to their real property located in Inarajan, Guam. Trustee argues that because Debtors do not use the property as their primary residence, they have abandoned any homestead exemption.

MEMORANDUM OF DECISION - 1

The Court conducted a hearing on Trustee's objection on June 6, 2007, at which Vicente Naputi testified and exhibits were submitted by the parties. Having duly considered the submissions of the parties, the testimony presented, the arguments of counsel, as well as the applicable law, this case is now ripe for decision. This Memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.[1]

### *Findings of Fact*

Debtors married in 1989. In 1992, Vicente Naputi[2] graduated from the police academy in Guam, and worked in law enforcement at both the airport and for the local court system. Elaine also worked for the government of Guam. At some point, probably in the mid-1990's[3], Elaine was deeded a parcel of real property in Guam by family members. Debtors built a home on the property, the

_____

[1]   Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005), and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036.

[2]   Hereafter, the Court refers to the individual Debtors by their first names. No disrespect is intended.

[3]   Vicente was unclear and had considerable difficulty recalling many of the relevant dates during his testimony.

MEMORANDUM OF DECISION - 2

loan for the construction costs being secured by a mortgage on the home and property.

In January, 2005, Debtors and their three children moved to Idaho to assist Elaine's sister in caring for her ailing husband. Initially, both families lived together in Mountain Home. After approximately six months, they collectively moved to Boise, Idaho to be closer to medical care facilities.

At first they rented a home on Rader Drive. Four or five months later, Elaine's father, a resident of Guam, purchased a home on the same street, and Debtors, their children, and Elaine's sister and her husband moved in. Elaine's father would occasionally stay at the home for short periods of time while he obtained medical treatment at the Veterans Administration hospital in Boise. Debtors and Elaine's sister shared the mortgage payments on that home, which they paid directly to the lender, rather than to Elaine's father.

At some point during 2005, Elaine found employment at the Idaho Department of Health and Welfare in their financial unit. Vicente also worked for the Department of Health and Welfare as a self-reliance specialist.[4] His father then became ill, and rather than seek a leave of absence from Health and Welfare

_____

[4] Vicente testified that he began to work for Health and Welfare in approximately June, 2006. The Court suspects, but cannot tell, whether he actually meant to say that he began work in June, 2005.

MEMORANDUM OF DECISION - 3

when the agency was already short-handed, Vicente terminated his employment

and went to Guam to care for his father.  Elaine and the children stayed in Boise.

Vicente returned to Boise from Guam approximately one month

later, and was unable to find a job for six to seven months.  In October, 2006, he

became employed by the Meridian School District as a special education assistant.

Meanwhile, approximately six to eight months after the family

initially moved to Boise, Elaine's uncle moved into Debtors' house in Guam.

Under a verbal arrangement, he paid Debtors $600 per month as rent.  The

mortgage payment on the Guam property is $829 per month, and Debtors make up

the difference from their income.  Ex. 1, Sch. J.  The uncle remains in residence on

the property.

Elaine's sister's spouse eventually succumbed to his illness in June,

2006.  Aff. of Debtors, Docket No. 20.  Thereafter, on March 2, 2007, Debtors

filed a chapter 7 petition.  Ex. 1; Docket No. 1.  In their schedules, they claim the

property in Guam exempt as a homestead in the amount of $100,000.  Ex. 7;

Docket No. 19.  Trustee objected to the exemption claim.  Docket No. 23.[5]

---

[5] Initially, Debtors claimed their property in Guam exempt in the amount of
$36,900.  Docket No. 1, Sch. C.  Trustee objected to that claim of exemption.  Docket
No. 17.  Debtors then filed an amended Schedule C to claim the exemption for $100,000,
Docket No. 19, to which Trustee also objected.  Docket No. 23.  It is this later claim and
objection which are the subject of this decision.

MEMORANDUM OF DECISION - 4

### *Conclusions of Law and Analysis*

In a chapter 7 bankruptcy case, individual debtors may exempt property from liquidation by the trustee for the benefit of creditors. § 522(b). Under § 522(b)(2), individual states may "opt out" of the exemption scheme provided in the Bankruptcy Code, and if it does, debtors filing for bankruptcy in that state may claim only that property which would be exempt under the law "applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition . . . ." § 522(b)(3)(A). Idaho has opted-out of the federal exemptions. Idaho Code § 11-609. Therefore, Idaho's exemption law will be applied to resolve the issues in this case.[6]

---

[6] Both parties agree that Idaho exemption laws are applicable to Debtors' property in Guam. In *In re Halpin*, 94 I.B.C.R. 197, 198 (Bankr. D. Idaho 1994), this Court held that Idaho's exemption statutes do not allow a debtor to claim a homestead on real property located outside the state. ) There is a split of authority on the issue applying the exemption statutes of other states. *Compare Arrol v. Broach (In re Arrol)*, 170 F.3d 934, 937 (9th Cir. 1999) (holding that exemption laws of California may be applied to property situated in another state), *and Drenttel v. Jensen-Carter (In re Drenttel),* 403 F.3d 611, 615 (8th Cir. 2005) (applying exemption laws to out of state property because the state law did not specifically preclude it and to do so furthered public policy), *and In re Tanzi,* 287 B.R. 557 (Bankr. W.D.Wash. 2002), *and In re Stratton*, 269 B.R. 716 (Bankr. D. Or. 2001), *with and In re Sipka,* 149 B.R. 181 (D.Kan. 1992) (refusing to exempt under Kansas law the proceeds of the involuntary sale of a Michigan residence), *and In re Peters*, 91 B.R. 401 (Bankr. W.D. Tex. 1988) (holding that the Texas homestead exemption, which was limited by statute to homesteads in the state, was not available to out-of-state residence). The Court will respect the parties' stipulation and dispose of the issues applying Idaho law.

MEMORANDUM OF DECISION - 5

In Idaho, debtors are permitted to claim an exemption in a qualifying homestead. Idaho Code § 55-1001, *et seq.*; *In re Field*, 05.1 I.B.C.R. 11, 13 (Bankr. D. Idaho 2005); *In re Yackley*, 03.1 I.B.C.R. 84, 84 (Bankr. D. Idaho 2003). A homestead exemption is established under Idaho law either automatically, by the debtor's occupation of a home as his or her principal residence, or through the debtor's execution and recordation with the county of an appropriate declaration. Idaho Code § 55-1004(2); *In re Moore*, 269 B.R. 864, 869 (Bankr. D. Idaho 2001). Once properly established, the debtor may exempt up to $100,000 of equity in the homestead. Idaho Code § 55-1003.

As the objecting party, Trustee bears the burden of proving that Debtor's claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter),* 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005). The validity of the claimed exemption is determined as of the date of filing of the bankruptcy petition. § 522(b)(3)(A); *Culver, L.L.C. v. Chiu (In re Chiu),* 226 B.R. 743, 751 (9th Cir. BAP 2001); *In re Yackley*, 03.1 I.B.C.R. at 84. The homestead exemption statutes are to be liberally construed in favor of the debtor. *In re Kline*, 350 B.R. at 502 (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001); *In re Koopal*, 226 B.R. 888, 890 (Bankr. D. Idaho 1998)).

MEMORANDUM OF DECISION - 6

It is Trustee's contention that Debtors established a homestead as to their Guam property by originally occupying the house as their residence, but thereafter abandoned that homestead prior to filing their bankruptcy petition. Under Idaho law, a presumption that a homestead has been abandoned arises when the owner vacates the property for a continuous period of six months. Idaho Code § 55-1006.[7] An absentee owner intent on retaining the exemption can overcome this statutory presumption by the filing of a declaration of nonabandonment. *Id*.

It is clear from the evidence that Debtors moved to Idaho from Guam in January, 2005, and that they have lived here continuously since that time. As a result, under the statutes, a presumption that they had abandoned their homestead exemption would have arisen, at the very latest, by the end of July, 2005. Therefore, in order to preserve their exemption, Debtors would have needed to either reoccupy the Guam house as their principal residence, or execute and file

---

[7] Idaho Code § 55-1006 reads, in pertinent part:

A homestead is presumed abandoned if the owner vacates the property for a continuous period of at least six (6) months. However, if an owner is going to be absent from the homestead for more than six (6) months but does not intend to abandon the homestead, and has no other principal residence, the owner may execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of nonabandonment of homestead and file the declaration for record in the office of the recorder of the county in which the property is situated.

MEMORANDUM OF DECISION - 7

a declaration of nonabandonment.  They did neither.  Thus, Trustee has satisfied

his initial burden of showing Debtors abandoned the exemption.

       However, the statutory presumption of abandonment is not absolute.

This Court previously held that Idaho Code § 55-1006 creates, after an absence of

six months, a *rebuttable* presumption of abandonment.  *In re Koopal,* 226 B.R. at

891; *In re Cavanaugh*, 175 B.R. 369, 372 (Bankr. D. Idaho 1994).  Accordingly,

though the presumption may arise, Debtors can attempt to prove they did not

intend to abandon the Guam homestead by competent evidence.  *Id*.

       As support for their contention that they intended to return to their

home in Guam, and did not intend to abandon their homestead exemption, Debtors

note that they remain legal residents of Guam.  Aff. of Debtors, at ¶ 1.  They

indicate that they intend to move back to Guam at the close of the current school

year,[8] provided they have obtained employment there.  *Id*. at ¶ 3.  They represent

that the government of Guam provides a four-year "re-employment right,"

effectively allowing Debtors four years within which they may return to their jobs.

However, Vicente testified that the Guam government currently has a hiring freeze

in place, so Debtors are waiting for their positions to come open before they return

to the island.  As a precaution, Debtors registered their children in Boise schools

---

     [8] The 2006-07 school year closed after the evidentiary hearing, but prior to the
issuance of this decision.

MEMORANDUM OF DECISION - 8

for the 2007-2008 school year.  However, Debtors are also aware that school starts

in Guam in August, 2007.  Finally, Debtors point out that they have not

established a new homestead by purchasing a house in Boise, but instead have

always rented.

Even so, it is undisputed that Debtors have lived in Idaho for over

two-and-a-half years.  They came to Idaho to help Elaine's sister care for her

husband.  However, he died a year ago, and Debtors remain in Boise.  There was

no evidence showing that Debtors have made significant efforts to regain their

jobs in Guam aside from Vicente's testimony about the pending hiring freeze on

government positions.  There was also no evidence offered concerning their

current lease arrangement, *i.e.*, whether it is for a fixed term, or month-to-month

such that Debtors could leave without penalty if the opportunity arose.  Finally,

there was no evidence presented about whether Debtors have attempted to register

their children for school in Guam.[9]

It is Debtors' burden to rebut the statutory presumption that they

abandoned their homestead exemption.  On the record before it, Debtors have not

---

[9] At the hearing, Debtors suggested that the creditors and Trustee would enjoy no
benefit if their exemption were disallowed and the Guam property were sold.  However,
any determination of that nature is premature, and the Court need not address that
argument at this procedural stage of the case.  If Trustee eventually proposes to sell the
Guam property, under Rule 6004 Debtors could object, at which time the issue of the
propriety of a sale would be examined.

MEMORANDUM OF DECISION - 9

done so.  While this is a close case, the outcome is dependent upon the inferences

regarding Debtors' intent to be drawn from the undisputed facts.  However,

Debtors have already stayed for one year beyond the completion of their original

mission in Idaho, which was to help Elaine's sister care for her husband.  Debtors

acknowledge their intent to remain in Boise until they can reclaim their former

positions with the Guam government.  But the evidence shows it is uncertain

when, if ever, that will occur.  No evidence was offered to show that Debtors

considered, or attempted, to secure other jobs in Guam while they await the

conclusion of the hiring freeze.

All things considered, the Court finds that Debtors have not rebutted

the presumption arising under Idaho Code § 55-1006 that they abandoned their

homestead exemption on the Guam property.


### *Disposition*

Trustee's objection to Debtors' claim of a homestead exemption on

the Guam property is sustained, and that exemption claim will be disallowed.  A

separate order will be entered.

Dated: June 28, 2007

MEMORANDUM OF DECISION - 10

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 11